IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONKEY JUNGLE, INC.<br>14805 S.W. 216th Street<br>Goulds, FL 33170<br><br>   Plaintiff<br><br>  v.<br><br>UNITED STATES SMALL<br>BUSINESS ADMINISTRATION<br>409 Third Street, S.W.<br>Washington, D.C. 20416<br><br>Serve: Isabella Casillas Guzman<br>    Administrator<br>    U.S. Small Business Administration<br>    Office of the Administrator<br>    409 Third Street, S.W.<br>    Washington, D.C. 20416<br><br>    Merrick B. Garland<br>    United States Attorney General<br>    U.S. Department of Justice<br>    950 Pennsylvania Ave., N.W.<br>    Washington, D.C. 20530<br><br>    Matthew M. Graves<br>    United States Attorney for the<br>    District of Columbia<br>    U.S. Attorneys' Office<br>    601 D Street, N.W.<br>    Washington, D.C. 20001<br><br>  and<br><br>ISABELLA CASILLAS GUZMAN,<br>in her official capacity as<br>Administrator of the United States<br>Small Business Administration<br>409 Third Street, S.W.<br>Washington, D.C. 20416 | Case No. 1:22-cv-02537 |

| | |
|---|---|
| Serve: | Isabella Casillas Guzman |
| | Administrator |
| | U.S. Small Business Administration |
| | Office of the Administrator |
| | 409 Third Street, S.W. |
| | Washington, D.C. 20416 |
| | |
| | Merrick B. Garland |
| | United States Attorney General |
| | U.S. Department of Justice |
| | 950 Pennsylvania Ave., N.W. |
| | Washington, D.C. 20530 |
| | |
| | Matthew M. Graves |
| | United States Attorney for the |
| | District of Columbia |
| | U.S. Attorneys' Office |
| | 601 D Street, N.W. |
| | Washington, D.C. 20001 |
| | |
| | Defendants |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Monkey Jungle, Inc. ("Plaintiff" or "Monkey Jungle"), in the above-entitled action, by and through its undersigned counsel, hereby demands judgment against Defendants, United States Small Business Administration and Isabella Casillas Guzman, in her official capacity as Administrator of the United States Small Business Administration, for declaratory and injunctive relief as set forth below, and as its Complaint, alleges as states as follows:

### NATURE OF THE CASE

1.  This is an action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants, United States Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.  The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as

amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by SBA and Administrator Isabella Casillas Guzman ("Administrator Guzman").

3. Monkey Jungle, a live performing arts organization operator, demonstrated its eligibility for an SVOG award in its application to SBA and, following an initial denial, its appeal to SBA. SBA denied both Monkey Jungle's application and its appeal, without giving a reason for either denial, other than to say, generally, that it did not meet the requirements for the SVOG Program.

4. The COVID-19 pandemic forced Monkey Jungle to cancel most of its events in 2020, 2021, and 2022, and to limit the events it could put on during that time frame. As a result, the company suffered a substantial decline in revenue from calendar year 2019 to calendar years 2020, 2021, and year-to-date 2022 and is operating at a negative cash-flow currently. Monkey Jungle desperately needs an SVOG award to sustain operations—exactly the purpose of the SVOG Program.

5. SVOG funds are limited, and once SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. It was reported that, as of July 5, 2022, less than 10% of the originally-appropriated SVOG Program funds remained in the program. Thus, even though Monkey Jungle demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are further depleted before SBA corrects the erroneous denial of Monkey Jungle's application.

**PARTIES, JURISDICTION & VENUE**

6. Plaintiff, Monkey Jungle, Inc., is a Florida for-profit corporation, organized and

operated under the laws of the state of Florida, and has a principal place of business at 14805 S.W. 216th Street, Goulds, Florida 33170. For subject-matter jurisdiction purposes, Monkey Jungle is a citizen of Florida, its state of incorporation and the state in which its principal place of business is located.

7. Defendant, United States Small Business Administration, is an independent agency of the United States Government, organized and operated under the laws and regulations of the United States of America in effect from time to time, and has a primary office at 409 Third Street, S.W., Washington, D.C. 20416. SBA is responsible for the lawful administration of the SVOG Program under the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a. SBA administers the SVOG Program. SBA's mission is to help Americans start, build, and grow small businesses.

8. Defendant, Isabella Casillas Guzman, is the Administrator of SBA and oversees its operations. Administrator Guzman is sued in her official capacity.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

10. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1391(e)(1) because Defendants, SBA and Administrator Guzman (collectively, "Defendants"), are an agency and officer (acting in an official capacity) of the United States, respectively, Defendants are located in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the SVOG Program is administered primarily in this district.

11. The Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## FACTS COMMON TO ALL COUNTS

**A. Shuttered Venue Operators Grant**

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues and entities impacted by shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments that are incurred between March 1, 2020 and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive an SVOG award in an amount equal to 45% of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15. Eligible entities under the Act include live venue operators and promoters, theatrical producers, live performing arts organization operators (like Monkey Jungle), museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

16. In addition to falling within an eligible business category, to qualify for an SVOG award, a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).

17. The Act defines the phrase "live venue operator or promoter, theatrical producer, or live performing arts organization operator," in relevant part, as follows:

      (i) an individual or entity--
        (I) that, as a principal business activity, organizes, promotes, produces, manages, or hosts live concerts, comedy shows, theatrical productions, or other events by performing artists for which—
          (aa) a cover charge through ticketing or front door entrance fee is applied; and
          (bb) performers are paid in an amount that is based on a percentage of sales, a guarantee (in writing or standard contract), or another mutually beneficial formal agreement; and
        (II) for which not less than 70 percent of the earned revenue of the individual or entity is generated through, to the extent related to a live event described in subclause (I), cover charges or ticket sales, production fees or production reimbursements, nonprofit educational initiatives, or the sale of event beverages, food, or merchandise . . . .

15 U.S.C. § 9009a(a)(3)(A).

18. The Act specifies that for a "live venue operator or promoter, theatrical producer, or live performing arts organization operator," to be eligible, it must have additional characteristics. Specifically, it must put on events with a defined performance and audience space; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. Monkey Jungle's SVOG Application and SBA's Denial**

19. Monkey Jungle is a third-generation, family-owned, Florida corporation and small business that organizes, promotes, produces, manages, and hosts events by paid performing artists, where the artists interact directly with animals and engage with paid audience members.

20. On May 21, 2021, Monkey Jungle applied for an SVOG award of approximately

$653,000.

21. In its application, Monkey Jungle demonstrated that it satisfied the criteria for eligibility as a live performing arts organization operator, among other qualifying venue types. Monkey Jungle demonstrated that its losses in 2020 exceeded the 25% statutory threshold. It also submitted documentation showing that it met the other application criteria and provided the certifications of eligibility required by SBA's guidance on SVOG applications.

22. On or about July 27, 2021, Monkey Jungle learned from SBA's SVOG portal that its application was denied. The portal's denial notice gave no explanation of the reason why SBA found Monkey Jungle ineligible.

23. On August 16, 2021, Monkey Jungle submitted an administrative appeal of the denial to SBA. Because the denial included no explanation, Monkey Jungle's appeal elaborated on why it satisfies all of the criteria for eligibility as a live performing arts organization operator. Monkey Jungle also explained that it provides live entertainment featuring paid performers with live animals in a natural, multi-acre, jungle-themed habitat with defined indoor/outdoor performance and audience spaces and that it develops, staffs, and manages these ecologically-appropriate productions, in addition to serving as venue owner/operator.

24. Monkey Jungle's appeal explained in detail and with supporting documentation how the company meets each of the general eligibility requirements for an SVOG award and each of the specific eligibility requirements for live performing arts organization operator (in addition to qualifying under other venue types). Monkey Jungle's supporting documentation included: 2019 and 2018 financial statements; a Certificate of Incorporation (indicating Monkey Jungle was established to "own and manage fairgrounds, theatres, playhouses" and to "conduct and manage fairs, carnivals, exhibitions, contests, theatrical productions" and "employ

performers"); evidence of ticketing revenue; a letter from its accountant; sample marketing materials (including website screenshots); venue floor plans and maps showing the performance and audience spaces; photographs indicating public address systems, lighting, and sound and mixing equipment; and photographs of past live performances.

25. On October 23, 2021, SBA notified Monkey Jungle by email that its appeal was denied. As with the denial of Monkey Jungle's application, SBA gave no reason for denying the appeal other than to state SBA believed Monkey Jungle "[d]id not meet the principal business activity standard for the entity type under which [it] applied" and/or "[d]id not meet one or more of the eligibility criteria specific to the entity type under which [it] applied . . . ."

26. SBA's denial of Monkey Jungle's appeal is the agency's final decision.

27. Nevertheless, on July 27, 2022, through counsel, Monkey Jungle attempted one final time to encourage SBA to correct its erroneous denial of its SVOG application.

28. By letter, Monkey Jungle explained, again, why it qualified as a live performing arts organization operator (and other additional qualifying venue types); why its application and appeal should have been approved; and why existing federal regulations and SBA's own responses to Frequently Asked Questions ("FAQ") for the SVOG Program all support an SVOG award to Monkey Jungle. The July 27, 2022 also identified seven (7) similarly situated companies that received SVOG awards.

29. The letter noted that SBA's FAQ state that SBA will consider a "particular form of live entertainment" to "constitute[] a performing arts event" if it is an event "such as musical concerts, comedy shows, theatrical productions, dance performances, or other live renderings of similarly artistic works" and that its interpretation of a performing arts event is instructed by federal law.

30. Federal regulations establish that "the arts" includes, broadly, "any field of creative activity or endeavor." 8 C.F.R. § 214.2(o)(3)(ii). The regulation specifically includes a wide range of individuals as being engaged in the arts, including, for instance, animal trainers. *Id.*

31. Monkey Jungle explained that "Monkey Jungle's paid performers are engaged in a field of creative activity and endeavor. They utilize their skills, experience, and unique characteristics and personalities to interact in a creative, innovative, educational, and safe way with live animals for audience entertainment purposes."

32. SBA did not respond to the letter.

## CAUSES OF ACTION

33. The courts recognize a strong presumption in favor of judicial review of administrative action.

34. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

35. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

36. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E).

37. SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I – ARBITRARY AND CAPRICIOUS AGENCY ACTION

38. Monkey Jungle incorporates by reference the allegations contained in Paragraphs

1 through 37 hereof as if fully set forth and restated herein.

39. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, SBA gave no actual reason for denying Monkey Jungle's application, nor did it provide any reason when it denied Monkey Jungle's appeal, other than to indicate, in a boilerplate manner, that Monkey Jungle allegedly did not meet the requirements of the SVOG Program.

40. Indeed, SBA's decision on Monkey Jungle's application conflicts with the evidence of Monkey Jungle's eligibility that it presented to SBA in its application and in its appeal.

41. SBA further erred by treating Monkey Jungle disparately from many similarly situated businesses that were granted an SVOG award. Specifically, SBA approved the SVOG applications of Carden International Circus Inc.; Carson and Barnes Circus Inc.; Hanneford Circus, Inc.; Arcadia All-Florida Championship Rodeo, Inc.; Flint Hills Rodeo Association; Indian National Finals Rodeo; and Cavallo Equestrian Arts, LLC, all of which offer paid performers interacting with live animals.

42. For each of these reasons, SBA's denial of Monkey Jungle's SVOG award request is arbitrary and capricious.

## COUNT II – AGENCY ABUSE OF DISCRETION

43. Monkey Jungle incorporates by reference the allegations contained in Paragraphs 1 through 42 hereof as if fully set forth and restated herein.

44. Monkey Jungle meets the Act's definition of live performing arts organization operator (among other qualifying venue types) and satisfies the Act's general eligibility criteria for an SVOG award.

45. In addition, SBA's FAQ indicate that the determination of whether a "particular form of live entertainment" "constitute[s] a performing arts event" is whether it involves events "such as musical concerts, comedy shows, theatrical productions, dance performances, or other live renderings of similarly artistic works" or otherwise qualifies as a performing arts event under federal law.

46. Federal regulations establish that "the arts" includes, broadly, "any field of creative activity or endeavor." 8 C.F.R. § 214.2(o)(3)(ii). The regulation specifically includes a wide range of individuals as being engaged in the arts, including, for instance, animal trainers.

47. SBA's decision on Monkey Jungle's application conflicts with the evidence of Monkey Jungle's eligibility that it presented to SBA in its application and in its appeal.

48. SBA further erred by treating Monkey Jungle disparately from many similarly situated businesses that were granted an SVOG award. Specifically, SBA approved the SVOG applications of Carden International Circus Inc.; Carson and Barnes Circus Inc.; Hanneford Circus, Inc.; Arcadia All-Florida Championship Rodeo, Inc.; Flint Hills Rodeo Association; Indian National Finals Rodeo; and Cavallo Equestrian Arts, LLC, all of which offer paid performers interacting with live animals.

49. For each of these reasons, SBA's denial of Monkey Jungle's SVOG award request constitutes an abuse of agency discretion.

**COUNT III – AGENCY ACTION CONTRARY TO LAW**

50. Monkey Jungle incorporates by reference the allegations contained in Paragraphs 1 through 49 hereof as if fully set forth and restated herein.

51. Monkey Jungle meets the Act's definition of live performing arts organization operator (among other qualifying venue types) and satisfies the Act's general eligibility criteria

for an SVOG award.

52. In addition, SBA's FAQ indicate that the determination of whether a "particular form of live entertainment" "constitute[s] a performing arts event" is whether it involves events "such as musical concerts, comedy shows, theatrical productions, dance performances, or other live renderings of similarly artistic works" or otherwise qualifies as a performing arts event under federal law.

53. Federal regulations establish that "the arts" includes, broadly, "any field of creative activity or endeavor." 8 C.F.R. § 214.2(o)(3)(ii). The regulation specifically includes a wide range of individuals as being engaged in the arts, including, for instance, animal trainers. *Id.*

54. SBA's denial of Monkey Jungle's SVOG award request therefore violated the Act and federal regulation and is contrary to law.

**COUNT IV – AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

55. Monkey Jungle incorporates by reference the allegations contained in Paragraphs 1 through 54 hereof as if fully set forth and restated herein.

56. SBA's denial of Monkey Jungle's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Monkey Jungle's application and appeal presented evidence that demonstrates Monkey Jungle is eligible for an SVOG award.

57. SBA's denial of Monkey Jungle's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Monkey Jungle respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Monkey Jungle's SVOG award request;

2. Preliminarily and permanently order Defendants to consider Monkey Jungle's application for an SVOG award consistent with applicable law and the evidence before SBA;

3. Preliminarily and permanently order Defendants to approve an SVOG award to Monkey Jungle in the amount originally requested on or about May 21, 2021;

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Monkey Jungle's SVOG award;

5. Award Monkey Jungle its costs and reasonable attorneys' fees; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 23, 2022

/s/ Matthew E. Feinberg
Matthew E. Feinberg (Bar No. 991638)
mfeinberg@pilieromazza.com
**PILIEROMAZZA PLLC**
1001 G Street, N.W., Suite 1100
Washington, D.C. 20001
Ph: (202) 857-1000
Fx: (202) 857-0200

*Attorneys for Plaintiff, Monkey Jungle, Inc.*